**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Camilo RANGEL, Defendant— Appellant.**

No. 05–50753.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2006.*

Filed June 12, 2006.

Jason M. Ohta, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, Jr., Esq., Law Offices of Anthony E. Colombo Jr., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Camilo Rangel challenges the district court's denial of his motion to suppress the evidence and statements resulting from an alleged illegal arrest at the border without probable cause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Even if Rangel's handcuffing in the security office constituted an illegal arrest, the evidence at issue was not "come at by exploitation of that illegality" but rather "by means sufficiently distinguishable to be purged of the primary taint." *Brown v. Illinois,* 422 U.S. 590, 599, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (quoting *Wong Sun v. United States,* 371 U.S. 471, 487–88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). The government had an independent and intervening basis for probable case to arrest Rangel after it found marijuana pursuant to the lawful search of the spare tire of his truck. *See United States v. Cortez–Rocha,* 394 F.3d 1115, 1119–21 (9th Cir.2005); *United States v. Nava,* 363 F.3d 942, 946 n. 2 (9th Cir.2004); *United States v. Manuel,* 706 F.2d 908, 911–12 (9th Cir.1983). The evidence at trial was therefore admissible.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.